49 CCPA
### Application of Joseph E. FIELDS.

Patent Appeal No. 6748.

United States Court of Customs and Patent Appeals. ·
July 18, 1962.

Joseph D. Kennedy, St. Louis, Mo. (John D. Upham, St. Louis, Mo., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Joseph Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Associate Judge JOSEPH R. JACKSON, Retired.

SMITH, Judge.

The Patent Office Board of Appeals affirmed the examiner's rejection of claims 1 to 4 and 6 of appellant's patent application Ser. No. 390,250 filed November 4, 1953 entitled "HYDROCARBON OILS OF REDUCED FOAMING PROPERTIES." Claims 12 and 15 of the application have been allowed.

Claim 1, illustrative of the claims on appeal, reads as follows:

"A composition of matter of reduced foaming properties consisting essentially of a hydrocarbon oil having foaming tendencies and a *quantity less than 0.1% by weight,* based on the weight of said oil, said quantity being *sufficient to suppress said foaming tendency but insufficient to modify substantially the viscosity characteristics of the oil,* of an alkyl acrylate polymer selected from the class consisting of (A) a normally fluid homo-polymer of an alkyl acrylate having at least 3 but less than 8 carbon atoms in the alkyl radical, (B) a normally fluid copolymer of at least two different alkyl acrylates in which the alkyl radical has from 1 to 18 carbon atoms and in which the average number of carbon atoms in the alkyl radicals of the copolymer molecule is at least 3 but less than 8 on a molar basis and (C) a copolymer having the oil-solubility of (A) and containing at least 50% by weight of an alkyl acrylate in which the alkyl radical has from 1 to 18 carbon atoms with the balance being a compound other than said acrylate and copolymerisable with the acrylate." [Emphasis added.]

The issue here turns on the emphasized portion of the claims. The claims stand rejected "as lacking invention"[1] over the following references:

Zimmer et al.   2,330,773   Sept. 28, 1943
Popkin          2,604,453   July 22, 1952

It is appellant's position that the discovery embodied in the claims, and as expressed by the emphasized language in claim 1, covers a new composition having reduced foaming properties. The composition consists essentially of a hydrocarbon oil and a defined minute quantity of particular alkyl acrylate polymers defined by conventional chemical nomenclature, and effective to produce certain characteristics in the claimed compositions.

Each of the five appealed claims defines a composition of matter consisting essentially of a hydrocarbon oil to which is added an anti-foaming additive. Each claim contains limitations as to the amount of the alkyl acrylate polymer; (1) "a quantity less than 0.1% by weight, based on the weight of said hydrocarbon oil," and (2) "said quantity being sufficient to suppress said foaming tendency but insufficient to modify sub-

---

1. While we question whether such a rejection meets the requirements of 35 U.S.C. § 132, the issue was not raised. Appellant prosecuted the application and this appeal on the theory that this rejection was based on 35 U.S.C. §§ 102 and 103. We shall so treat it here.

stantially the viscosity characteristics of the oil." The claims also define polymers (A) and (B) and require that such polymers be "normally fluid" homopolymers or copolymers. Claims 3 and 4 in addition specify other additives in the composition, the former a detergent, and the latter an "extreme pressure-resisting additive." All claims, except claim 6, define the anti-foaming additive in the Markush form reciting a group consisting of an alkyl acrylate homopolymer, a copolymer of at least two different alkyl acrylates, and a copolymer of an alkyl acrylate and a compound other than an acrylate.

The Zimmer et al. patent, which concerns an improved lubricant for steam cylinders, discloses a lubricating composition consisting essentially of a mineral oil containing a small amount, i. e., "between the limits of *about 0.1* and 2.0%," (Emphasis added) of a polymer of esters of acrylic acid and methacrylic acid and the alkyl derivatives thereof, the esters being derived from monohydric alcohols preferably containing more than 4 carbon atoms. The lubricant so compounded is said to have great resistance to the washing-off action of wet steam in a reciprocating steam engine.

The patent to Popkin states that the prior art recognized that polymers of acrylic acid esters of aliphatic alcohols having more than 8 carbon atoms were useful as lubricating oil viscosity improvers, and that the copolymers of acrylic acid esters obtained from alcohols having chain lengths varying from 8 to 18 carbon atoms, with low molecular weight monomers containing a vinyl group are particularly effective for this purpose. Numerous examples of copolymers of two different acrylate esters are given, and the patentee indicates that the copolymer should have an average side chain length in the range of 7.5 to 10.6 carbon atoms. The proportions of low molecular weight monomers "vary from about 1 to 50% by weight."

Patents to Fenske et al. No. 2,407,954 and Revukas Nos. 2,486,493 and 2,489,-671 have been included in the record by appellant. These patents are referred to in the board's decision as prior art relied upon by appellant to show that 0.1% of acrylate polymers increases the viscosity index of a lubricating oil. Since appellant has not here discussed these patents and they are not relied upon as references, we see no need to consider them.

In affirming the examiner's rejection, the Board of Appeals held that "the prior art * * * shows compositions having the same ingredients as are recited in the appealed claims * * * in substantially the same proportions"; that "Under these circumstances it is immaterial * * * that the reference patentees did not recognize appellant's problem of foaming"; and that "Where a composition is old in the prior art it is not invention to perceive in it properties that others failed to detect." Appellant's position is that this rejection requires a consideration of both novelty and obviousness under 35 U.S.C. § 102 or 35 U.S.C. § 103 and has treated the action of the board as being based upon both grounds.

The factual situation is summarized in the board's opinion as follows:

"* * * The factual situation before us is that appellant is claiming a composition which contains the same ingredients as those contained in the reference compositions. Appellant attempts to distinguish from the references by stating that the additive is present in a quantity less than 0.1% by weight, but in an amount insufficient to modify substantially the viscosity of the oil. Both references however clearly disclose that their acrylate ester additives may be used in an amount as low as 0.1%. The language "less than 0.1% by weight" in the appealed claims gives no indication of how much less than 0.1% of the additive is contemplated, and would therefore cover an amount differing only infinitesimally from the 0.1% concentration of the references. The prior art thus shows compositions having the same ingredients as are recited

in the appealed claims and also having these ingredients present in substantially the same proportions as those recited in the appealed claims. * * * "

Proceeding on the assumption that the rejection is predicated on both anticipation and obviousness, appellant has summarized his position in the conclusion to his brief as follows:

Appellant's discovery is unobvious because:

"a) the art in no way suggests that any acrylates are antifoamants

"b) the art in no way portends the striking effectiveness of the acrylate polymers employed by Appellant

"c) the antifoamant properties would not be discovered in the practice of the references

"d) the art in no way suggests that viscosity index-improving polymers can be employed with the purpose and result of not affecting viscosity."

Appellant's brief further argues that his composition is novel and not anticipated by the art because:

"a) the quantity 'less than 0.1%' is smaller than that disclosed in the references; furthermore, it bears a reasonable relationship to amounts practical in commercial use;

"b) the quantity 'insufficient to modify substantially the viscosity' is a definite distinction based on an actual physical phenomenon; it is directly related to the difference in quantity between the art composition and Appellant's composition;

"c) the polymers employed are defined by critical parameters in no way suggested by or appreciated by the art;

"d) at best, the art disclosure is extremely doubtful—rather than having the certainty required of an inherent disclosure;

"e) some reference polymers have been demonstrated unsuitable for Appellant's purpose—and there is no certainty any reference polymers are suitable;

"f) an accidental disclosure does not anticipate—and any selection of suitable polymers and simultaneous selection of the lowest concentration mentioned in the references would be accidental; and it would still not anticipate."

We agree with the admission made by the solicitor at the oral argument and in his brief that the claims on appeal contain "verbal differences" over the prior art. We agree that, as urged by appellant, these "verbal differences" literally distinguish the claimed invention from those shown in the cited references. Therefore, the rejection, insofar as it was based on 35 U.S.C. § 102 is not proper.

It is the solicitor's position, however, that these "verbal differences" in the claims are insufficient to distinguish the claims patentably over the prior art. As asserted in his brief:

"Taking into consideration the fact that the reference disclosed one of the group of alkyl acrylates specifically disclosed and claimed by appellant, more than a mere verbal variance in the claims sought should be required of applicant. While it is true as appellant contends, * * that appellant actually uses amounts very much less than the patentee, it is the claim which must be considered, not the disclosure, and even though the specification disclosure would support limitations which would clearly distinguish the claims from the prior art, those limitations cannot and should not be read into the claims at issue. In re Kebrich, 40 CCPA 780, 201 F.2d 951."

We are impressed with the soundness of the view so expressed by the solicitor. In our opinion the appealed claims do not distinguish the asserted invention from the disclosures of the prior art.

The Examiner's Answer suggests that this is the basis of the rejection for lack

of a showing of "criticality" of the features of the claims relied upon to distinguish the invention from the references. In this connection, the examiner stated:

"* * * It is the Examiner's position that 0.1% of the copolymers of Popkin which contain average side chain lengths of 7.5 carbon atoms would suppress foam. Applicant has not shown that 0.1% of the patentee's copolymers would not suppress foam and furthermore has not shown that it is critical to use less than 0.1% say 0.099%, in order to suppress foam and still not alter the viscosity characteristics of the oil.

\* \* \* \* \* \*

"Zimmer et al disclose lubricant compositions containing a small amount from 0.1 to 2.0% of a polymerized acrylic acid ester of a monohydric alcohol such as amyl, hexyl, heptyl or octyl. It is submitted that 0.1 per cent of the copolymers of Zimmer et al would suppress foam. Again it may be reiterated that applicant has not shown that 0.1% of said copolymers would not suppress foam and has not established any criticality for limiting the claims to 'less than 0.1%'."

At another point in his answer the examiner restated this aspect of the rejection as follows:

"Applicant also contends that the 0.1 per cent concentration of the polymers of Zimmer et al and Popkin would induce foaming. No showing in the present case has been given to substantiate this contention. While it is true that both Zimmer et al and Popkin are concerned with other properties of the lubricating oils, it is the Examiner's position that the 0.1% polymer concentrations disclosed therein would suppress foam. It is noted that applicant has further limited the claims so that the amount used should not affect the viscosity characteristics of the oil. This is not considered to obviate the rejection over Popkin and Zimmer et al since it has not been shown that raising the viscosity index, for example, would be undesirable along with the desired foam suppression."

As stated in the solicitor's brief:

"Though appellant contends * * that a showing of criticality is not made by statute a condition precedent to the granting of a patent, it nevertheless is necessary, where proportions are the sole difference between the prior art and the claimed subject matter, to show that the difference is something more than a mere difference in degree, as pointed out by the cases cited above."

Appellant here has asserted the "criticality" of the not more than 0.1% limitation which is narrowed by the further requirement that the amount of acrylate additive should be in an amount sufficient to suppress the foaming tendency of the oil but insufficient to modify "substantially" the viscosity characteristic of the oil, and has submitted affidavits in support of this position.[2] In our view, while the claims call for "less than 0.1%" of the additive, they also recite the ad-

---

2. We note in passing that while appellant's affidavits submit data from which it is apparent that selection of the acrylate polymer has an effect on the foaming tendencies of the oil, we have been unable to find that the amounts used appear to have any significance on the foaming properties within the limits shown in the Fields' affidavits. Thus in Fields' affidavit filed Oct. 13, 1954, additives 1 and 2 show identical foam suppression results at both 250°C and 90°C and at concen-

trations of .008%, .048%, and .088% while additives 3 to 5 inclusive at the same concentrations and temperatures have no appreciable foam reducing properties. It is noted that neither this affidavit nor the affidavit filed Dec. 30, 1957 give figures as to the viscosity of the oil tested after addition of the additives, thus the limitation in the claims as to viscosity here urged by appellant is not seen to have factual support in either affidavit.

ditional limitations as to the amount of acrylate additive but these amounts are stated solely in terms of the result to be achieved by its addition, i. e., sufficient to reduce the foaming tendencies of the oil but insufficient to modify substantially the viscosity characteristics of the oil.

Thus, insofar as the ground of rejection rests on 35 U.S.C. § 103, the claims on appeal do not patentably distinguish the claimed invention over either Popkin or Zimmer et al.

We therefore *affirm* the decision of the board.

Affirmed.